Hubbard C. WILCOX, Executor of the Estate of William Wagner, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 34468.

United States District Court
N. D. Ohio, E. D.

May 6, 1960.

Lawrence R. Bloomenthal, Cleveland, Ohio, for plaintiff.

Russell E. Ake, U. S. Atty., Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This is an action to recover $9,794.54 in income taxes and interest alleged to have been erroneously assessed and collected from the executor of the estate of William Wagner, for the years 1952 and 1953.

During the trial of this cause two questions were presented to the Court:

**1.**

"Whether the collection by an executor of accounts receivable owing to the decedent are subject to the income tax and, if so, as ordinary income or capital gain." This question is no longer before the Court as the parties now concede such collections are subject to income tax as ordinary income.

**2.**

Is the plaintiff entitled to a refund in the amount set forth in the complaint under the provisions of Treasury Regulations 105, Section 81.70, based upon supplemental information filed by the plaintiff? (Joint Ex. C-3.)

William Wagner, prior to his death on January 27, 1952, was the sole proprietor of a retail lumber business; the assets of his estate included certain accounts receivable, having a face value of $84,046.30, which were appraised by the appraisers of his estate as of the time of his death at $44,433.67. On the federal estate tax return filed for the decedent's estate, the accounts receivable were included in the decedent's gross estate at $44,433.67, and no estate tax was shown to have been due or paid in the federal estate tax return filed on or about April 25, 1953.

The decedent's executor continued the operation of the lumber business, and the fiduciary filed federal income tax returns for the calendar years 1952 and 1953 wherein losses were reported to have been incurred in the operation of the lumber business and no income taxes were shown to be due or owing for those years. There was no mention in the returns for 1952 and 1953 of collections on the accounts receivable.

The fiduciary filed a tax return for the calendar year 1954 and in this return reported all of the collections made on the accounts receivable in the total amount of $76,272.56, or $31,838.89 in excess of the appraised value which had been reported by the executor for federal estate tax purposes. In the return for the year 1954 the $31,838.89 was reported as a capital gain; however, the Internal Revenue Service refused to consider the $31,-838.89 as a capital gain and treated said amount on the basis of ordinary income.

The fiduciary then requested an examination, in response to which request the Audit Division of the Department assigned Mr. Ray Harrold to make the examination. In May of 1956 Mr. Harrold began the examination of the tax return for the year 1954. He completed the examination "around November of 1956." In his examination he found, from the records of the estate, that the accounts receivable collected agreed with the amount shown in the tax return; he also found that the executor had collected $67,784.52 in the year 1952 (which was not reported on the tax return for that year). The examiner also found that $6,458.96 was collected on said accounts receivable in 1953, and this amount was not reported in the return for 1953. The examiner also found that the executor collected $2,029.08 in the year 1954; however, the executor reported the total collections ($76,272.56) in his return for the year 1954. The examiner, using as a base the appraised value reported in the federal estate tax return, concluded that the $31,838.89 was ordinary income, and as a tax liability there was a deficiency of $8,055.53 for the calendar year 1952, a $98.78 deficiency for the calendar year 1953, and an over-assessment of $325.76 for the calendar year 1954. The net figure, with interest computed thereon, corresponds with the amount set forth in plaintiff's complaint. On August 1, 1957, the plaintiff paid the foregoing deficiencies, together with interest, in the total amount of $9,677.25 for 1952 and $117.29 for 1953.

The parties agree that the value placed upon the accounts receivable in the federal estate tax return is a lawful base for the computation and determination of subsequent income tax returns.

Plaintiff admits that the federal estate tax return cannot be amended and that plaintiff is not attempting to change the original election to value the estate as of the date of death, nor is the plaintiff seeking to set aside the estate tax appraisal. However, it is the contention of the plaintiff that Joint Exhibit C-3 is such "supplemental information" referred to in Treasury Regulation 105, Section 81.70, as to entitle the plaintiff to a determination of tax different from the amount shown as the tax by the executor upon his return; in fact, the plaintiff insists upon a final determination of no tax and, therefore, seeks a refund of the entire amount paid by plaintiff on August 1, 1957.

This Court has jurisdiction of the parties and this action.

The plaintiff has established the payment of income taxes, on August 1, 1957, in the amount set forth in the complaint.

The plaintiff has complied with the jurisdictional prerequisite of filing a claim for refund; said claim for refund was timely filed; the tax was paid properly; and there is no jurisdictional dispute.

Upon consideration of the authorities contained in the defendant's trial brief, I have concluded that the plaintiff has failed to sustain the burden of establishing facts necessary to show that Joint Exhibit C-3 is such supplemental information as would entitle the plaintiff to a finally determined tax different from the

amount shown as the tax by the executor upon his return. Consequently, the complaint shall be dismissed with prejudice and judgment entered for the defendant.

This memorandum is adopted as findings of fact and conclusions of law, pursuant to Rule 52(a), F.R.Civ.P., 28 U.S. C.A. Prepare entry accordingly.